It is entirely for the benefit of the party issuing the service. and the party served can not complain if the earlier and usual day is selected.

Motion to quash service sustained.

---

## APPROPRIATION BY RAILWAY OF LOTS RESTRICTED TO RESIDENCES ONLY.

Circuit Court of Cuyahoga County.

MARY VANETTEN v. THE CLEVELAND SHORT LINE RAILWAY COMPANY; AND J. FRANK MASTERS v. THE CLEVELAND SHORT LINE RAILWAY COMPANY.*

Decided, July 6, 1911.

*Restrictions in Deed—Railroad Company Appropriation—Not an Interest in Land.*

A restriction by covenant in deeds for lots to their use for residences only, under a general plan of the original grantor, is not such an interest in the lots as requires its appropriation before a railroad company owning the lots can construct a railroad upon them.

*H. M. Roberts,* for plaintiffs.
*Kline, Tolles & Morley,* contra.

WINCH, J.; NORRIS, J., concurs; METCALFE, J., dissents.

A majority of the court is of the opinion that the plaintiffs are not entitled to the relief they pray for.

Speaking for myself alone, I believe that the judgment in the case of *The Cleveland Short Line Railway Company* v. *Duncan,* decided April 25th, 1911, 9 O. L. B., 34, is not based solely upon the proposition that the lot owners were guilty of laches in bringing their suits.   The journal entry in that case reads:

''On account of such laches, *and* the character of the alleged interest which plaintiffs below allege they own in said allotments

---

*Affirmed without opinion, *Vanetten* v. *Cleveland Short Line Railway Co.,* 86 Ohio State, 323.

and the several lots thereof, to-wit, a restriction by covenant in the deeds for said lots to their use for residences only, under a general plan of the original grantors, the plaintiffs are not entitled to the injunction prayed for.''

While still believing, as a lawyer, that the rights of the plaintiffs amount to an ''easement or interest'' in the lots purchased by the railroad company, to be used as a part of its right-of-way, as expressed in General Code, 11039, yet, as a judge, obedient to the law as announced by the Supreme Court, I bow to its conclusion, necessarily deduced from said decision, as I believe, that plaintiffs have *no such interest* in said premises as require an appropriation thereof before the railroad company can construct its railroad thereon.

The question is not without doubt. It is to be regretted that no opinion was prepared in the Duncan case, for we are unanimous in the opinion that there is no element of laches to be found in the facts of the two cases now before us.

Judge Metcalfe dissents, believing that the Duncan case adjudicates only the question of laches. If he is right as to the force and effect of said judgment of the Supreme Court, there is no flaw in the reasoning by which he reached a conclusion opposite to that of the majority of the court.

The petitions in both cases are dismissed.